Filed 11/7/24  P. v. Ganey CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>SOMCHITH GANEY,<br><br>　　　Defendant and Appellant. | D083631<br><br><br>(Super. Ct. No. SCD300184) |

APPEAL from a judgment of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Affirmed.

Somchith Ganey, in pro. per.; and Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Somchith Ganey of two counts of burglary (Pen. Code,[1] § 459) and one count of grand theft (§ 487, subd. (a)).  Ganey admitted four prior convictions including one strike prior (§ 667, subds. (b)-(i)).  Ganey was sentenced to a term of five years four months in prison.

---

1　　All statutory references are to the Penal Code.

Ganey filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*.

We offered Ganey the opportunity to file his own brief on appeal. Ganey has responded by filing a supplemental brief. In his brief, Ganey argues his trial counsel was ineffective in the handling of various evidentiary issues and for failing to call a certain witness. He also challenges the strength of the prosecution's case.

Ganey has not identified any arguable issues for reversal on appeal.

STATEMENT OF FACTS

Appellate counsel has submitted a summary of the evidence at trial. We will incorporate the summary here to provide background.

Gina O., the principal of St. Rita Elementary School located in the southeastern part of San Diego, found that there had been an apparent break-in of the school when she came to work on Monday, July 17, 2023. The school was equipped with 15 surveillance cameras that stored video data for four days. Looking at the video recordings, Gina could see that a man had entered the campus around 4:30 a.m. He went into a classroom and emerged pushing a cart with 24 iPad tablets. The cart was then taken to an alley behind the school.

In the early morning hours of July 19, 2023, there was yet another entry into the school grounds during the early morning hours. It looked like a gate had been cut in a chain link fence to gain entry. A large television monitor and an iPad was missing from the teacher's lounge along with portable radios, speakers, and audio equipment. Reviewing video recordings

for the time period, Gina formed the opinion that the burglar was the same person as seen two days before.

The school then hired a security guard. He was present during the early morning hours of July 21, 2023 when a person resembling the same man seen on the previous occasions entered the school. The guard "redirected" the man to leave the campus. Nothing was missing from the school this time. The school's custodian, Jaime C., watched the video recordings and it was his opinion that the intruder was the same person on all three occasions. Two weeks after the break-ins, Jaime saw the burglar walking on Churchward Street near the school. Jaime identified Ganey in court as being the person he had seen in the video surveillance.

San Diego Police Department detective Atilano Fuerte also reviewed the video surveillance recordings. On July 31, 2023, Fuerte spotted Ganey standing in front of 5426 Churchward Street, located about a block and a half from St. Rita School. Fuerte recognized Ganey as the person he had seen in the school's video recordings. Ganey was detained. Gainey said 5426 Churchward was his residence. A search of the premises revealed a trash bin that was seen to having been used by the burglar as he was leaving the school. The bin had been spray painted to conceal the distinctive two-tone colors of the bins at the school. The bin was confirmed by Jaime as belonging to St. Rita.

Aside from recalling Gina to testify to some details about the video viewing, no other testimony was presented by the defense.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738

3

(*Anders*), counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal.

1.      Whether the trial court erred in admitting secondary evidence of surveillance video that was not available to the defense.

2.      Whether the trial court erred by imposing court operations and facilities fees while finding an inability to pay other financial assessments.

We have reviewed the record as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Ganey on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


KELETY, J.

4